**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHELLI RENIA SIMMONS,       ) | |
|           ) | |
| Plaintiff,       ) | |
|           ) | |
| v.       ) | Case No. CIV-21-740-G |
|           ) | |
| HONORABLE JOHN P. ROTH, ACTING       ) | |
| SECRETARY, U.S. DEPARTMENT OF THE       ) | |
| AIR FORCE, in his official capacity,       ) | |
|           ) | |
| Defendant.       ) | |

## COMPLAINT

COMES NOW the Plaintiff, Shelli Simmons, and for her causes of action against the Defendant in her Complaint alleges and states as follows:

### I.      PRELIMINARY STATEMENT

1.      This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000 *et seq.*; the Civil Rights Acts of 1866 and 1991, as amended, 42 U.S.C. § 1981; and 5 U.S.C. § 2302 (b); and the Rehabilitation Act of 1973. Plaintiff seeks declaratory, injunctive and equitable relief to redress the deprivation of her rights of freedom from discrimination and retaliation in her employment with Defendant, Honorable John P. Roth, Acting Secretary, U.S. Department of the Air Force (hereinafter "Defendant") for her prior Equal Employment Opportunity (hereinafter "EEO") activity.

1

## II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 791, 42 U.S.C. § 1981, and the Rehabilitation Act of 1973, § 501.

3.    All of the actions complained of occurred in Oklahoma County, Oklahoma. Oklahoma County is within the Western District of the United States District Court of Oklahoma and venue is appropriate in this Court.

4.    Plaintiff, Shelli Simmons, was a resident of Oklahoma County, within the jurisdiction of the Western District of Oklahoma, at the time of the alleged events. As an employee, all acts and conduct complained of occurred at Tinker Air Force Base, within Oklahoma County, and all unlawful employment practices were committed by Defendant through its officers, employees, servants or agents.

5.    The United States Air Force is part of the United States Department of the Air Force and is a federal agency. Defendant Honorable Mark Esper is the Secretary for the United States Department of Defense.

6.    Service can be accomplished on the Chief of the General Litigation Division, Air Force Legal Operations Agency, at 1500 W. Perimeter Road, Suite 1370 Joint Base Andrews, MD 20762.

### III.    <u>PROCEDURE</u>

7.    Plaintiff brought action for discrimination based on disability and reprisal as it related to herself through the filing of a formal complaint with the Department of the Air Force. On April 24, 2021, The Department of the Air Force issued a Final Agency Decision, entitling Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the date of receipt of said final action.  This action has been initiated pursuant to said notice. Plaintiff has timely and properly exhausted her administrative remedies.

### IV.    <u>FACTS</u>

8.  Plaintiff hereby incorporates by reference each of the allegations contained in roman numerals I through III, above.

9.  Plaintiff, Shelli Renia Simmons, is an African American female and a person with a disability, who at all relevant times was employed by the Defendant as a Contract Specialist, GS-1102-12 for the Instrument Contracting Section, Material Support Contracting Division, Air Force Sustainment Center, Tinker Air Force Base, Oklahoma.

10.    Plaintiff, while fully competent and more than able to successfully perform her job tasks and duties, suffers from various mental health disabilities, some of which affect her test taking abilities.

11.    In pursuit of upward mobility, and understanding it to be a requirement of promotion, during the 2018 and 2019 calendar years, Plaintiff took the Contracting Officers Test (COT). Unfortunately, due to her disabilities

interfering with concentration and focus, Plaintiff did not receive a passing score on the exam.

12.     Subsequently, Plaintiff requested a reasonable accommodation in the form of more time to take the test on multiple occasions, each of which was denied by members of management, more specifically detailed below.

13.     On November 18, 2018, during a conversation with Division Chief Tommy Nicholson, Plaintiff re-urged her request for reasonable accommodation. In response, Mr. Nicholson stated that he did not know how Plaintiff made it through college if she could not pass a test. Mr. Nicholson then told Plaintiff he doesn't comprehend her mental issue and will be moving her to a different area where he feels she will be better off.

14.     On December 19, 2018, Plaintiff met with Mr. Baumann, described as PK-SES, to again request an accommodation for the COT exam. Plaintiff was informed by Mr. Baumann that he would check into the possibility of an accommodation and get back with her.

15.     After multiple failed attempts at verbally requesting a reasonable accommodation, Plaintiff made a written request for reasonable accommodation on March 29, 2019. Shortly thereafter, Plaintiff was informed that at a staff meeting on April 1, 2019, a discussion about her mental disability and request for accommodation openly and publicly took place.

16.     Despite that breach of her privacy and public disclosure of her health information, no response was given to Plaintiff regarding the request at that time.

17.     On April 29, 2019, Plaintiff was told by her third-level supervisor that even if she did find a way to pass the test, she could not obtain the requisite certification (warrant) without going through him; and

18.     To date, Plaintiff still has not received the requested reasonable accommodation.

19.      Plaintiff's contends Defendant is liable under all aforementioned legal theories. Accordingly, Plaintiff brings the following causes of action:

## [COUNT ONE]

## [Discrimination -In Violation of Title VII]

For her First Cause of Action, Plaintiff hereby adopts the allegations contained in Roman numerical paragraphs one (I) through four (IV) as if fully restated herein, and further alleges and states:

1.     Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages.  Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for violations of Title VII, including without limitation, back pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendant for such unlawful conduct.

## [COUNT TWO ]

## [Disability Discrimination – In Violation of The Rehabilitation Act of 1973]

For her Second Cause of Action, Plaintiff hereby adopts the allegations contained in Roman numerical paragraphs one (I) through four (IV) as if fully restated

herein, and further alleges and states:

1.  Plaintiff requested a reasonable accommodation based on disability both orally and in writing numerous times.

2.  Plaintiff was harassed and ridiculed regarding the request, which was unlawfully discussed in public and never granted.

3.  Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages.  Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for violations of the Rehabilitation Act og 1973, including without limitation, back pay, restoration of leave, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendant for such unlawful conduct.

**WHEREFORE,** Plaintiff, Shelli Simmons, prays for judgment against Defendant, on her causes of action that:

1.  Awards Plaintiff all available compensatory damages, including, but not limited to, lost wages and benefits, restoration of leave and back pay, damages for pain and suffering and loss of enjoyment in life for an amount in excess of $300,000; and punitive damages on such claims as may be available;

2.   Orders Defendant to pay attorney fees and costs incurred in litigating these causes of action;

3.  Grants such other and further relief as may be available in law and equity.

6

**RESPECTFULLY SUBMITTED this 23rd day of July 2021.**

s/Ge'Andra D. Johnson
Ge'Andra D. Johnson, OBA #32810
Green Johnson Mumina & D'Antonio
4101 Perimeter Center Drive, Suite 110
Oklahoma City, OK 73112
405-702-7228: Telephone
405-702-6898: Facsimile
**ATTORNEY FOR PLAINTIFF**
**SHELLI RENIA SIMMONS**

**JURY TRIAL REQUESTED**
**ATTORNEY LIEN CLAIMED**