UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELLI RENIA SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-740-G |
| ) | |
| FRANK KENDALL, ) | |
| Secretary, U.S. Department of ) | |
| the Air Force, in his official capacity, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion to Dismiss (Doc. No. 9) filed by Defendant Frank Kendall, Secretary of the United States Air Force. Plaintiff Shelli Renia Simmons has responded (Doc. No. 12), and Defendant has replied (Doc. No. 13).

*I.  Background*

Plaintiff was employed by Defendant as a Contract Specialist for the Instrument Contracting Section of Tinker Air Force Base. Compl. (Doc. No. 1) ¶ 9. Plaintiff states that she is "fully competent and more than able to successfully perform her job tasks and duties" but that she "suffers from various mental health disabilities, some of which affect her test taking abilities." *Id.* ¶ 10. During the 2018 and 2019 calendar years, Plaintiff took the Contracting Officers Test ("COT"), understanding the test to be a requirement of promotion. *Id.* ¶ 11. Plaintiff alleges that due to her "disabilities interfering with concentration and focus," she did not pass the COT. *Id.*

Plaintiff represents that she sought a "reasonable accommodation in the form of more time to take the test on multiple occasions" and that each of her requests was denied.

*Id.* ¶ 12.  Specifically, the Complaint alleges that following a November 18, 2018 verbal request for accommodation to Division Chief Tommy Nicholson, Nicholson stated that "he did not know how Plaintiff made it through college if she could not pass a test" and that he would be "moving her to a different area where he feels she will be better off."  *Id.* ¶ 13.  On December 19, 2018, Plaintiff met with Mr. Baumann[1] to request an accommodation for the COT exam.  *Id.* ¶ 14.  Mr. Baumann told Plaintiff that he would check into the possibility of an accommodation and get back with her.  *Id.*  Plaintiff then made a written request for accommodation on March 29, 2019.  *Id.* ¶ 15.  Shortly thereafter, Plaintiff learned that her request for accommodation and her mental disability were publicly discussed at a staff meeting on April 1, 2019.  *Id.*  Then, on April 29, 2019, Plaintiff was told by her third-level supervisor that even if she did find a way to pass the test, she could not obtain the requisite certification for promotion without going through him.  *Id.* ¶ 17.  Plaintiff states that she still has not received the requested accommodation.  *See id.* ¶ 18.

On July 23, 2021, Plaintiff filed her Complaint, alleging claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 et seq.  Defendant now moves to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  *See* Def.'s Mot. (Doc. No. 9) at 7.[2]  In her Response, Plaintiff states that she voluntarily dismisses her

---

[1] Plaintiff does not provide Mr. Baumann's first name and describes Mr. Baumann's position title as "PK-SES."  Compl. ¶ 14.

[2] Defendant moves in the alternative for summary judgment under Federal Rule of Civil Procedure 56, attaching certain items of evidence as exhibits to his Motion.  Because

2

Title VII claims, conceding that she did not administratively exhaust these claims as required by Title VII. *See* Pl.'s Resp. (Doc. No. 12) at 5. Plaintiff also agrees to strike her request for punitive damages. *See id.*

Consequently, as relates to the instant Motion, Plaintiff's claims for discrimination by failure to accommodate Plaintiff's disability and retaliation in violation of the Rehabilitation Act remain pending.

## II. Standard of Decision

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be

---

Plaintiff's claims are subject to dismissal under Rule 12(b)(6), the Court declines to consider any materials beyond the pleadings. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

    III.    *The Motion to Dismiss*

        A.  <u>Failure to Accommodate in Violation of Section 501 of the Rehabilitation Act</u>

Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, prohibits disability discrimination by the federal government against federal employees. In analyzing a claim brought under § 501, the Court applies the standards from the Americans with Disabilities Act ("ADA"), which prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a); *see Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010) ("We apply the standards from the [ADA] in analyzing a Rehabilitation Act claim."); 29 U.S.C. § 791(f). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A); *see also Exby-Stolley v. Bd. of Cnty. Comm'rs*, 979 F.3d 784, 794 (10th Cir. 2020) ("The ADA establishes a cause of action for disabled employees whose employers fail to reasonably accommodate them." (emphasis and internal quotation marks omitted)). A reasonable accommodation may include "appropriate adjustment or modifications of examinations." 42 U.S.C. § 12111(9)(B).

To state a claim for failure to accommodate under the Rehabilitation Act, Plaintiff must plausibly allege that she "(1) is disabled; (2) is otherwise qualified; and (3) requested a plausibly reasonable accommodation." *Brown v. Austin*, 13 F.4th 1079, 1084-85 (10th

4

Cir. 2021) (internal quotation marks omitted).  Disability is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Doyal v. Okla. Heart, Inc.*, 213 F.3d 492, 495 (10th Cir. 2000); *see* 42 U.S.C. § 12102(1)(A)-(C).  "[C]onsideration of subsection (A) of the definition proceeds in three steps."  *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998).  First, courts consider whether the plaintiff has a physical or mental impairment.  *See id.*  Second, they "identify the life activity" upon which the plaintiff relies and "determine whether it constitutes a major life activity under the [Act]."  *Id.*  Third, they ask "whether the impairment substantially limited the major life activity."  *Id.*  "Whether a plaintiff has met the first two requirements [is a] question[] of law for the court."  *Sanchez v. Vilsack*, 695 F.3d 1174, 1178 (10th Cir. 2012) (internal quotation marks omitted).

Plaintiff alleges that she "suffers from various mental health disabilities, some of which affect her test taking abilities."  Compl. ¶ 10.  Defendant argues that this allegation is insufficient to plausibly allege a disability under the Federal Rehabilitation Act due to Plaintiff's failure to identify her impairment.  *See* Def.'s Mot. at 12-13.  The Court agrees.  While Plaintiff "is not required to set forth a prima facie case for each element" of her cause of action, Plaintiff must at least identify a physical or mental impairment to plausibly allege that she suffers from a disability.  *Khalik v. United Airlines*, 671 F.3d 1188, 1193 (10th Cir. 2012); *see also Davenport v. Sugar Mountain Retreat, Inc.*, No. 09-CV-0535, 2009 WL 3415240, at *2 (N.D. Okla. Oct. 16, 2009) (dismissing the plaintiff's claims under the ADA and Fair Housing Act due to the plaintiff's failure to identify his disabilities,

5

noting this failure rendered it impossible for the court to determine if the plaintiff was indeed disabled under the relevant statutes); *Herbert v. Wichita State Univ. Tech*, No. 19-1106, 2019 WL 5291099, at *2 (D. Kan. Oct. 18, 2019) (dismissing the plaintiff's pleading due in part to the plaintiff's failure to identify his disability); *see also* 29 C.F.R. § 1630.2(h). Because Plaintiff fails to plausibly allege that she has a physical or mental impairment, she cannot establish that she "is disabled" within the meaning of the Rehabilitation Act. *Brown*, 13 F.4th at 1084. Defendant's request to dismiss Plaintiff's failure-to-accommodate claim pursuant to Rule 12(b)(6) is granted.[3]

B.   Retaliation in Violation of Section 501 of the Rehabilitation Act

To establish a prima facie case of retaliation under the Rehabilitation Act, Plaintiff must allege: "that (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action." *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1187 (10th Cir. 2016) (alteration and internal quotation marks omitted). "[A] request for accommodation can constitute protected activity supporting a retaliation claim." *Id.* at 1188 (citing cases). Such a request "is adequate" to constitute protected activity "if it is sufficiently direct and specific,"

---

[3] Defendant also seeks to dismiss any claims for disparate treatment and hostile work environment in violation of the Rehabilitation Act that Plaintiff may be attempting to raise in her Complaint. *See* Def.'s Mot. at 15-18. Upon review of the Complaint and Plaintiff's Response, which only addresses Defendant's argument regarding Plaintiff's failure-to-accommodate claim, it does not appear that Plaintiff brings claims for disparate treatment or hostile work environment. Consequently, Defendant's request to dismiss such claims shall be denied as moot.

"mak[ing] clear that the employee wants assistance for his or her disability." *Id*. (internal quotation marks omitted).

Defendant argues that Plaintiff's allegations regarding her requests for accommodation are insufficient to establish that Plaintiff adequately requested an accommodation in such a way as to plausibly allege that she engaged in protected activity. *See* Def.'s Mot. at 19. The Court disagrees. Plaintiff's allegations that she made two verbal and one written request for extended time to take the examination are sufficient, at this early stage of litigation, to plausibly allege that Plaintiff's requests for accommodation were adequate and sufficient to constitute protected activity. *See* Compl. ¶¶ 12-15.

Defendant next argues that Plaintiff has not plausibly alleged that she suffered an adverse employment action. *See* Def.'s Mot. at 19-20; Def.'s Reply (Doc. No. 13) at 2-3. "To establish an adverse action, 'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1133 (10th Cir. 2010) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). The Tenth Circuit instructs that the phrase "adverse employment action" is to be liberally construed and is not limited to "monetary losses in the form of wages or benefits." *Id.* (internal quotation marks omitted). "Acts that carry 'a significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects' may be considered adverse actions, although 'a mere inconvenience or an alteration of job responsibilities will not suffice.'" *Id.* (quoting *Annett v. Univ. of Kan.,* 371 F.3d 1233,

7

1239 (10th Cir. 2004)). "[R]eassignment of job duties is not automatically actionable." *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 71.[4]

In her Response, Plaintiff points to two allegedly retaliatory acts as constituting adverse employment actions within the meaning of the Rehabilitation Act. First, Plaintiff points to "the threat of reassignment." Pl.'s Resp. at 4. Presumably, the threat Plaintiff is referring to is Mr. Nicholson's statement that he "will be moving her to a different area where he feels she will be better off." Compl. ¶ 13. Plaintiff does not, however, allege that this "threat of reassignment" was ever actualized or that the referenced reassignment would be adverse in the context of Plaintiff's employment. In the absence of facts establishing that Mr. Nicholson's statement would have, in the context of the circumstances of Plaintiff's case, dissuaded a reasonable worker from making or supporting a charge of discrimination, the Court cannot conclude that Plaintiff has sufficiently alleged an adverse employment action. *See Lopez v. City of Albuquerque*, No. CIV-08-806, 2010 WL 11590614, at *15 (D.N.M. July 7, 2010) (holding in the context of a Title VII retaliation claim that "a jury could not reasonably conclude that the threatened, but largely unactualized reassignment of job responsibilities would have been materially averse to a reasonable employee" (footnote omitted)).

---

[4] "The standard for retaliation claims under the Rehabilitation Act is the same as the standard for retaliation claims under the [ADA]." *Reinhardt*, 595 F.3d at 1131. The Tenth Circuit has adopted *Burlington N. & Santa Fe Ry. Co.*'s Title VII retaliation standard in the ADA context because the retaliation provision in both statutes contains essentially the same language. *See Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 n.4 (10th Cir. 2007).

Second, Plaintiff points to the discussion of her mental disability and request for accommodation at a staff meeting. *See* Pl.'s Resp. at 4. But Plaintiff never identifies who discussed her mental disability and request for accommodation or what was said about Plaintiff at this meeting. Plaintiff also does not expressly allege or argue that the discussion at the staff meeting carried with it a significant risk of humiliation, damage to reputation, or a concomitant harm to future employment prospects. *Reinhardt*, 595 F.3d at 1133. Absent such detail, Plaintiff has not plausibly alleged that this discussion qualifies as an adverse employment action.

Accordingly, the Court concludes that Plaintiff has failed to plausibly allege that any retaliatory actions by Defendant qualify as an adverse employment action. Plaintiff's retaliation claim under the Rehabilitation Act is therefore dismissed.

IV.     *Plaintiff's Request for Leave to Amend*

Plaintiff requests leave to amend her Complaint in order to more specifically plead her disability, her disability-related claim, and her retaliation claim. *See* Pl.'s Resp. at 4-5. Defendant opposes Plaintiff's request, arguing that Plaintiff must seek leave to amend her Complaint through a written motion and that Plaintiff does not indicate how she would cure the defects in her Complaint. *See* Def.'s Reply at 4-5.

The Court's local rules prescribe that "[a] party moving under Fed. R. Civ. P. 15(a)(2) to amend a pleading . . . must attach the proposed pleading as an exhibit to the motion." LCvR 15.1. Accordingly, Plaintiff's request for leave to amend is denied without prejudice to the submission of a motion that complies with Local Civil Rule 15.1.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 9) is GRANTED IN PART AND DENIED IN PART as follows:

1) Plaintiff's Title VII claims and request for punitive damages are WITHDRAWN;

2) Plaintiff's claims for failure to accommodate and retaliation in violation of the Rehabilitation Act are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6);

3) The Court DENIES AS MOOT Defendant's request for dismissal of any disparate-treatment or hostile work environment claims; and

4) Plaintiff's request for leave to amend is DENIED without prejudice. Any motion for leave to amend shall comply with Local Civil Rule 15.1 and shall be filed within 10 days of the date of this Order. If Plaintiff fails to move to amend within the time prescribed, judgment will be entered in Defendant's favor.

IT IS SO ORDERED this 30th day of September, 2022.

_____
CHARLES B. GOODWIN
United States District Judge