UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHELLI RENIA SIMMONS,** )<br>)<br>  **Plaintiff,** )<br>)<br>v. )<br>)<br>**FRANK KENDALL,** )<br>**Secretary, U.S. Department of** )<br>**the Air Force, in his official capacity,** )<br>)<br>  **Defendant.** ) | Case No. CIV-21-740-G |

## ORDER

Now before the Court is a Motion to Dismiss (Doc. No. 20) filed by Defendant Frank Kendall, Secretary of the United States Air Force ("USAF"). Plaintiff Shelli Renia Simmons has responded (Doc. No. 21), and Defendant has replied (Doc. No. 22). Also pending is Plaintiff's Motion to Amend (Doc. No. 23), to which a Response (Doc. No. 26) and a Reply (Doc. No. 27) have been filed.

In her Amended Complaint (Doc. No. 19), Plaintiff alleges that she was formerly employed by the USAF and brings claims under the federal Rehabilitation Act, 29 U.S.C. §§ 791 et seq., against Defendant in connection with that employment. Plaintiff seeks compensatory damages as well as an award of attorney's fees and costs. *See id.* at 7-8.

Defendant seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff fails to plausibly plead a Rehabilitation Act claim for hostile work environment, retaliation, or failure to accommodate. *See* Def.'s Mot. to Dismiss at 1-15. Although Plaintiff responded in opposition (Doc. No. 12), she additionally seeks leave to file a second amended complaint.

*See* Pl.'s Mot to Amend at 1-2; *id.* Ex. 1, Proposed Second Am. Compl. (Doc. No. 23-1). As a basis for amendment, Plaintiff represents that since the filing of the Amended Complaint, she has received a final agency decision enabling her to additionally bring claims under Title VII of the Civil Rights Act of 1964. *See* Pl.'s Mot. to Amend at 1; Proposed Second Am. Compl. ¶ 7. Plaintiff also adds some additional factual support for her federal claims. *See* Proposed Second Am. Compl. ¶¶ 26-30. Defendant opposes Plaintiff's request to amend, broadly contending that Plaintiff's proposed new pleading fails to plausibly allege either the Rehabilitation Act or Title VII claims and so Plaintiff's request should be denied as futile. *See* Def.'s Resp. at 2-4.

Rule 15(a)(2) of the Federal Rules of Civil Procedure prescribes that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this Rule, courts enjoy "wide discretion" to permit amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). "[T]he district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (citation omitted).

Having reviewed the parties' submissions and the relevant authority, the Court finds that leave to amend should be given under Rule 15(a)(2). Defendant has not sufficiently established that presentation of the pleading proposed by Plaintiff would be futile. In particular, Defendant fails to address the elements of Title VII claims and therefore fails to show that these new claims "would be subject to dismissal." *Id.*; *see* Def.'s Resp. at 3.

Nor does Defendant dispute that Plaintiff has timely brought the Title VII claims following her receipt of a final agency decision.

For all these reasons, the Court finds that "justice . . . requires" further amendment and that Plaintiff's request should be granted. Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

Plaintiff's Motion to Amend (Doc. No. 23) therefore is GRANTED. Plaintiff shall file the second amended complaint (currently presented as an exhibit to the Motion) within seven (7) days of the date of this Order.

Defendant's Motion to Dismiss (Doc. No. 20) is DENIED AS MOOT.

IT IS SO ORDERED this 27th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge